UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARIKA JANE TACKETT, <br> KEVIN ALLEN TACKETT, <br><br> Plaintiffs, <br><br> vs. <br><br> CODY LEE KING, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 1:17-cv-03065-TWP-MPB <br> ) <br> ) <br> ) <br> ) <br> ) |

**Entry Granting Motion to Proceed *in forma pauperis*,
Dismissing Complaint, and Directing Further Proceedings**

**I.**

The plaintiffs' request to proceed *in forma pauperis*, dkt. [2], is **granted.** No payment of a fee is required at this time. Notwithstanding the foregoing ruling, the plaintiff should be aware that he owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff's claim in this case is that the defendant defrauded them by convincing them to send him money by promising a return that they never received. The complaint states that they are suing for a violation of state law and that they are seeking $5,000.

The complaint must be dismissed because this Court does not have jurisdiction to hear it. Subject to exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998).

There is no allegation to support the exercise of the court's diversity jurisdiction as to any claim under Indiana state law. This is because a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006). Further, the plaintiffs identify no violation of federal law that would allow this Court to exercise federal question jurisdiction over the case.

### III.

For the foregoing reasons, the Court has no jurisdiction to hear this case. The plaintiffs shall have **through October 2, 2017**, to **show cause** why this case should not be dismissed for lack of jurisdiction. This ruling does not prevent the plaintiffs from re-filing their claims in the appropriate court.

**IT IS SO ORDERED.**

Date: 9/12/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ARIKA JANE TACKETT
6701 N. College Ave
Indianapolis, IN 46220

KEVIN ALLEN TACKETT
6701 N. College Ave.
Indianapolis, IN 46220